IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

MAURICE COOPER,                          )
                                         )
          Plaintiff,                     )
                                         )
     v.                                  ) Civ. No. 14-219-SLR
                                         )
COLLEEN T. MCCOLLUM, et al.,             )
                                         )
          Defendants.                    )

## MEMORANDUM

1. **Introduction**. Plaintiff Maurice Cooper ("plaintiff") was convicted of drug trafficking and is currently on community supervision. He proceeds pro se and has been granted in forma pauperis status. He filed this complaint pursuant to 42 U.S.C. § 1983 claiming violations of his constitutional rights.[1]  (D.I. 2, 5)

2. **Standard of Review**. This court must dismiss, at the earliest practicable time, certain in forma pauperis actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. Phillips v. County of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008); Erickson v. Pardus, 551 U.S. 89, 93 (2007). Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less

---

[1]When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

3. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

4. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

5. A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere

2

conclusory statements." *Id.* at 678. When determining whether dismissal is appropriate, the court must take three steps: "(1) identify[] the elements of the claim, (2) review[] the complaint to strike conclusory allegations, and then (3) look[] at the well-pleaded components of the complaint and evaluat[e] whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

6. **Allegations in the Complaint**. On July 30, 2013, plaintiff appeared before defendant Judge Charles H. Toliver, IV ("Judge Toliver") for a re-entry status hearing. During the hearing, Judge Toliver spoke to plaintiff about the consequences of failing to comply with the terms of his probation. Plaintiff took umbrage at the words used by Judge Toliver and alleges that there were delivered by Judge Toliver in a "threatening manner." The transcript of the proceedings is attached to the complaint.

7. Plaintiff reported to the probation office on January 28, 2014 to see defendant Colleen McCollum ("McCollum"), his probation officer. A pat-down was conducted and plaintiff 's property was turned over to McCollum who was not present during the search. The property included money and a cell phone with a locked screen. A cell phone is considered contraband at the probation office. McCollum asked plaintiff to provide the cell phone code and, after he refused, McCollum confiscated the cell

3

phone. In turn, plaintiff reported to his TASC (i.e., treatment access center) worker that McCollum had taken a cell phone belonging to his girlfriend. Thereafter, McCollum requested the imposition of an additional special condition to plaintiff's probation; namely that plaintiff not possess any cell phone or other device for communication unless he first gives the applicable codes to probation. It is unclear if, or when, the cell phone was returned. On February 4, 2014, plaintiff's girlfriend provided Judge Toliver information regarding ownership of the phone. On the same day, Judge Toliver authorized the additional special condition to plaintiff's probation and plaintiff acknowledged the additional condition on February 11, 2014. Plaintiff was informed by McCollum on February 18, 2014 that probation was recovering the contents from the cell phone and that plaintiff had "better hope its [sic] nothing in there." (D.I. 2)

8. On February 25, 2014, plaintiff met with probation officer Walker ("Walker") and plaintiff questioned Walker about the prohibition of cell phones in probation. Walker informed plaintiff "that it was Department of Correction's rules and regulations" and plaintiff would have to take it up with the Commissioner's office. Plaintiff names as a defendant Delaware Department of Correction ("DOC") Commissioner Robert Coupe ("Coupe"). On February 28, 2014, officer Savage replaced McCollum as plaintiff's probation officer. (D.I. 5)

9. Plaintiff alleges that he was harassed by McCollum and that Judge Toliver threatened plaintiff's life. Plaintiff fears retaliation. He seeks injunctive relief.

10. **Judicial Immunity**. During the relevant time-frame, Judge Toliver was a judge of the Superior Court of the State of Delaware. Plaintiff complains of Judge Toliver's actions during judicial proceedings. "A judicial officer in the performance of his

4

duties has absolute immunity from suit and will not be liable for his judicial acts." *Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 184 (3d Cir. 2009) (quoting *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006)). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted 'in the clear absence of all jurisdiction.'". *Id.* (citations omitted). Here the complaint contains no allegations that Judge Toliver acted outside the scope of his judicial capacity, or in the absence of her jurisdiction. Therefore, the court will dismiss the claim against Judge Toliver as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

11. **Respondeat Superior**. Plaintiff names Commissioner Coupe as a defendant. Coupe is referenced in the complaint when plaintiff was told that he would have to address with Coupe the issue of that cell phones were banned in the probation office as contraband.

12. A defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable, and cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). The Third Circuit has reiterated that a § 1983 claim cannot be premised upon a theory of respondeat superior and, that in order to establish liability for deprivation of a constitutional right, a party must show personal involvement by each defendant. *Brito v. United States Dep't of Justice*, 392 F. App'x

5

11, 14 (3d Cir. 2010) (unpublished) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009); *Rode v. Dellarciprete*, 845 F.2d at 1207).

13. "Because vicarious liability is inapplicable to § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Under pre-*Iqbal* Third Circuit precedent, "[t]here are two theories of supervisory liability," one under which supervisors can be liable if they "established and maintained a policy, practice or custom which directly caused [the] constitutional harm," and another under which they can be liable if they "participated in violating plaintiff's rights, directed others to violate them, or, as the person[s] in charge, had knowledge of and acquiesced in [their] subordinates' violations." *Santiago v. Warminster Twp.*, 629 F.3d 121, 129 n.5 (3d Cir. 2010) (quoting *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004)) (second alteration in original)). "Particularly after *Iqbal*, the connection between the supervisor's directions and the constitutional deprivation must be sufficient to demonstrate a plausible nexus or affirmative link between the directions and the specific deprivation of constitutional rights at issue." *Id.* at 130.

14. Facts showing personal involvement of the defendant must be asserted; such assertions may be made through allegations of specific facts showing that a defendant expressly directed the deprivation of a plaintiff's constitutional rights or created such policies where the subordinates had no discretion in applying the policies in a fashion other than the one which actually produced the alleged deprivation; *e.g.,* supervisory liability may attach if the plaintiff asserts facts showing that the supervisor's actions were "the moving force" behind the harm suffered by the plaintiff. *See Sample*

6

*v. Diecks*, 885 F.2d at 1117-118; *see also Iqbal*, 566 U.S. at 677-686; *City of Canton v. Harris*, 489 U.S. 378 (1989); *Heggenmiller v. Edna Mahan Corr. Inst. for Women*, 128 F. App'x 240 (3d Cir. 2005) (not published).

15. Plaintiff provides no specific facts how Coupe violated his constitutional rights, that he expressly directed the deprivation of his constitutional rights, or that he created policies wherein subordinates had no discretion in applying them in a fashion other than the one which actually produced the alleged deprivation. The allegations in the complaint do not satisfy the *Iqbal* pleading requirements. Accordingly, the court will dismiss the claim against Coupe as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

16. **Seizure**. Plaintiff alleges that McCollum unlawfully seized his cell phone. He asks the court to launch a criminal investigation for theft. McCollum was not present during the search of plaintiff that produced the cell phone. According to a progress report submitted to the court, a cell phone is considered contraband at the probation office. After the cell phone was discovered it was given to McCollum. The cell phone was locked and McCollum asked plaintiff for the code to unlock it, but he refused. Thereafter, the cell phone was confiscated. Plaintiff ultimately provided information to the State court that the cell phone belongs to his girlfriend, although it was on his person at the time it was discovered.

17. The Fourth Amendment provides that citizens have the "right . . . to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, [which] shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing" the place, persons or things to be searched and seized. U.S. Const., Amend. IV. *See also*,

*Illinois v. Rodriguez,* 497 U.S. 177, 183 (1990) (The Fourth Amendment prohibits unreasonable searches and seizures.). Subject to numerous recognized exceptions, the Fourth Amendment normally requires government officials to have both probable cause and a warrant to conduct a search or seizure. *See McGriff v. Fronk,* 2013 WL 2642131 (W.D. Pa. June 12, 2013).

18. However, to "a greater or lesser degree, . . . probationers . . . do not enjoy 'the absolute liberty to which every citizen is entitled, but only . . . conditional liberty properly dependent on observance of special [probation] restrictions." *Griffin v. Wisconsin,* 483 U.S. 868, 874 (1987) (quoting *Morrissey v. Brewer,* 408 U.S. 471, 480 (1972)) (omission and alterations in original). For example, in the probation and parole context, the warrant requirement and level of suspicion required to effectuate an arrest in a home are relaxed because the term and conditions of supervision are part of the continuum of state-imposed punishments. *See e.g., Samson v. California,* 547 U.S. 843, 850 (2006); *Griffin v. Wisconsin,* 483 U.S. at 875-80. Moreover, the Fourth Amendment does not require issuance of a warrant when the warrantless search is supported by reasonable suspicion and authorized by a condition of probation or parole. *See United States v. Knights,* 534 U.S. 112, 121 (2001) ("When an officer has reasonable suspicion that a probationer subject to a search condition is engaged in criminal activity, there is enough likelihood that criminal conduct is occurring that an intrusion on the probationer's significantly diminished privacy interests is reasonable."). Under the totality of the circumstances, the court considers whether the officer "has a particularized and objective basis for suspecting legal wrongdoing." *United States v. Arvizu,* 534 U.S. 266, 273 (2002) (internal quotation marks omitted).

8

19. The facts as alleged are that plaintiff carried contraband into the probation office, the contraband was seized by someone other than McCollum and then provided to her. When asked to provide the code to unlock the cell phone, plaintiff refused, which led to reasonable suspicion that plaintiff, as a probationer, was engaged in criminal activity. The court draws on its judicial experience and common sense and finds that plaintiff has failed to state a plausible claim for relief against McCollum. Therefore, the court will dismiss the claims against McCollum as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

20. **Conclusion**. For the above reasons, the complaint will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). The court finds amendment futile. A separate order shall issue.

Dated: April __29__, 2014

UNITED STATES DISTRICT JUDGE

9